**Elmer Wilfredo BOLANOS–MADRID, a.k.a. Elmer Wilfredo Bolanos, a.k.a. William Bolanos, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 12–71469.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2013.*

Filed Dec. 19, 2013.

Miguel Angel Olano, Miguel Olano Attorney at Law, Santa Clarita, CA, for Petitioner.

OIL, Hillel Ryder Smith, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and GRABER, Circuit Judges.

MEMORANDUM **

Elmer Wilfredo Bolanos–Madrid, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision ordering him removed. We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of due process violations. *Cruz Rendon v. Holder,* 603 F.3d 1104,

1109 (9th Cir.2010). We deny the petition for review.

The IJ did not err by failing to advise Bolanos–Madrid that he could apply for withholding of removal or protection under the Convention Against Torture because Bolanos–Madrid indicated he did not fear returning to El Salvador for any reason. *See Valencia v. Mukasey,* 548 F.3d 1261, 1262–63 (9th Cir.2008) (there is no requirement that an alien be advised of the availability of relief where there is no apparent eligibility for it); *Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice to prevail on a due process claim). We reject Bolanos–Madrid's contention that the IJ was required to take administrative notice of general gang violence in El Salvador and advise him of the availability of relief on this basis. Thus, Bolanos–Madrid's due process claim fails.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.